1  Janet M. Herold, Regional Solicitor
   Daniel J. Chasek, Associate Regional Solicitor
2  Susan Seletsky, Chief Counsel for FLSA Litigation
   **Luis A. Garcia, Senior Trial Attorney** (CSBN #146876)
3  Office of the Solicitor (MMS#1700108)
   United States Department of Labor
4  350 South Figueroa Street, Suite 370
   Los Angeles, California 90071-1202
5          Telephone: (213) 894-2681
           Facsimile:  (213) 894-2064
6          garcia.luis.a@dol.gov
7  Attorneys for the Petitioner
   Secretary of Labor

8

9                  UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11

12

13  **R. ALEXANDER ACOSTA**,              )  Case No.: **'17CV1225 CAB WVG**
    Secretary of Labor, United States Department  )
14  of Labor,                             )
                                          )  **SECRETARY OF LABOR'S**
15              Petitioner,               )  **PETITION TO ENFORCE**
                                          )  **ADMINISTRATIVE SUBPOENA**
16          v.                            )  *DUCES TECUM*
                                          )
17  **JY HARVESTING INC.,** a suspended Cali-  )
    fornia corporation; **JOSE JESUS PINEDO**, an  )  29 U.S.C. §§ 1852(a), 1862(b);
18  individual, as the Custodian of Records for **JY**  )  29 C.F.R. § 500.7(d)
    **HARVESTING INC.**,                  )
19                                        )
                                          )
20              Respondents.              )
                                          )

21

22      On March 15, 2017, a farmworker died on his way to harvest broccoli when he was

23  ejected from a van supplied by Respondent Jose Jesus Pinedo ("Pinedo"), the principal

24  and custodian of records for Respondent JY Harvesting Inc., a suspended California cor-

25  poration ("JY Harvesting") that lacked a working seat belt.  A tire blew out, the van over-

26  turned, six workers were injured and one was killed.  The California Highway Patrol

27  found the seat belt had been cut and was not operative.

28  ////

PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA DUCES TECUM        Page 1 of 7

1    U.S. Department of Labor ("DOL") is responsible for investigating violations of

2  the Migrant and Seasonal Workers Protection Act ("MSPA"), which was enacted, in part,

3  to regulate the safe transport of agricultural workers.  In the course of its investigation,

4  DOL subpoenaed records and documents from the Respondents.  Respondents have re-

5  fused to produce all records and documents responsive to the subpoena.

6    Petitioner, R. ALEXANDER ACOSTA, Secretary of Labor, U.S. DOL ("Secre-

7  tary"), brings this Petition to Enforce Administrative Subpoena *Duces Tecum*, along with

8  the accompanying Memorandum of Points and Authorities in Support of the Secretary's

9  Petition to Enforce Administrative Subpoena *Duces Tecum*; Declarations of Western Re-

10  gion Regional Administrator Ruben Rosalez, Wage and Hour Investigator Steven Albert

11  Rios and Luis A. Garcia, Esq., with attached exhibits.  The Secretary also concurrently

12  files a Proposed Order to Show Cause.

13    In support of his Petition, the Secretary alleges as follows:

14  ## NATURE OF THE PETITION

15    1.    The Secretary brings this petition to compel the Respondents to comply with

16  an administrative subpoena *duces tecum* ("Subpoena") issued by Regional Administrator

17  Ruben Rosalez, Wage and Hour Division, U.S. DOL ("Wage and Hour") on March 24,

18  2017.  The Subpoena was issued in the course of a Wage and Hour investigation of Re-

19  spondents conducted pursuant to the Migrant and Seasonal Agricultural Worker Protec-

20  tion Act, as amended (hereinafter "MSPA"), 29 U.S.C. § 1801, *et seq*.  *See* Declaration of

21  Ruben Rosalez ("Rosalez Decl.") at ¶ 3, Exh. 1.  The Secretary attempted to obtain the

22  records and documents requested by the Subpoena without resort to judicial enforcement,

23  but Respondents refused and failed to produce all of the records and documents requested

24  by the Subpoena or to provide a credible explanation or justification for its failure to re-

25  spond in its entirety to the Subpoena, resulting in the need for this Petition.

26  ////

27  ////

28

PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA DUCES TECUM

**PARTIES**

2.      Petitioner is the Secretary of Labor, United States Department of Labor.

3.      JY Harvesting is a suspended California corporation with its principal place of business located at 524 Holt Avenue, Suite A, Holtville, California 92250, within the jurisdiction of this Court.  *See* Declaration of Luis A. Garcia ("Garcia Decl.") at ¶s 3, 12, Exhs. 1, 7.

4.      Pinedo is an individual and the principal and Custodian of Records for JY Harvesting, and he resides in the City of Calexico, County of Imperial, California, and within the jurisdiction of this Court.  *Id.*

**JURISDICTION**

5.      This Court has subject matter jurisdiction over this petition under Section 9 of the Federal Trade Commission Act, 15 U.S.C. § 49, as made applicable by Section 512(b) of the MSPA, 29 U.S.C. § 1862(b).

**VENUE**

6.      Venue lies in the Southern District of California under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the petition occurred in this district, specifically, in Imperial County, California.

**WAGE AND HOUR INVESTIGATION AND SUBPOENA**

7.      The San Diego District Office of Wage and Hour opened an investigation of Respondents from a referral by the California Highway Patrol in order to determine whether Respondents or any person employed by Respondents had violated or was violat-ing the provisions of the MSPA, or any of the implementing regulations.  *See* Declaration of Steven Albert Rios ("Rios Decl.") at ¶s 3, 5.

8.      On March 15, 2017, a 2002 Chevy Express Van (the "Van") owned by Pinedo and provided to Fernando Pinedo Garcia doing business as Healthy Harvesting ("Healthy Harvesting") transported seven seasonal agricultural workers to harvest broc-coli at the Fisher Ranch located in Blythe, California.  While traveling eastbound on SR-78 approaching the Midway Wells Road exit, the left rear tire of the Van suffered a cata-

1 strophic failure and deflated causing the Van to overturn multiple times, resulting in seri-
2 ous injuries and one fatality to the occupants of the Van (hereafter referred to as the "In-
3 cident").  The occupant that died was ejected from the Van because his seat belt was cut
4 and inoperative.  *Id*. at ¶ 5.

5       9.     Respondents had been a Farm Labor Contractor ("FLC") registered with the
6 DOL to transport and provide workers for agricultural growers until their FLC certificate
7 expired on June 30, 2016.  The FLC certificate has not been renewed.  *Id*. at ¶ 4.

8       10.    At the time of the Incident, Healthy Harvesting was a registered FLC provid-
9 ing harvesting and packing crews for agricultural employers.  Under Healthy Harvest-
10 ing's FLC certificate, Healthy Harvesting was authorized to recruit, employ and furnish
11 agricultural workers, but it was not and never had been authorized to transport agricultur-
12 al workers.  At the time of the Incident, Respondents were also not authorized to
13 transport agricultural workers.  *Id*. at ¶ 6.

14       11.    On March 24, 2017, a Subpoena *Duces Tecum* ("Subpoena") was issued by
15 Wage and Hour to Respondents requesting seven categories or items of records and doc-
16 uments, including: insurance, commercial, liability and worker compensation policies in-
17 cluding policies covering the vehicles and the workers used to transport workers to the
18 Fisher Ranch, including on the date of the Incident (Item Nos. 1, 2, and 5); all documents
19 pertaining to all vehicles owned and leased out by Respondents, including the Van in-
20 volved in the Incident (Item No. 3); all written communications between Respondents
21 and Healthy Harvesting (Item Nos. 4 and 6); and all documents identifying Respondents'
22 crew leaders, foremen and supervisors and their contact information (Item No. 7).  The
23 Subpoena required Respondents to appear at the Wage and Hour Office in San Diego,
24 California, on April 3, 2017, at 11:00 a.m., and produce all responsive records and docu-
25 ments in Respondents' possession and control.  *See* Rosalez Decl. at ¶s 2, 3, Exh. 1; Rios
26 Decl. at ¶ 9, Exh. 1.
27 ////
28

## **RESPONDENTS' FAILURE TO COMPLY WITH THE SUBPOENA**

12.   On March 28, 2017, Wage and Hour Investigator Steven Albert Rios ("WHI Rios") served a copy of the Subpoena on Respondents' legal counsel, Attorney Gerardo V. Hernandez.   *See* Rios Decl. at ¶ 9, Exh. 1.

13.   On March 31, 2017, Attorney Hernandez and WHI Rios met and conferred about the records and documents requested by the Subpoena, and on April 14, 2017, WHI Rios received a partial production of records and documents from Respondents, including copies of the following documents: the expired FLC Certificate of Registration No. C-09-679571-F-16-R, certificates of liability insurance and vehicle schedule, business auto insurance policies and policy declarations, commercial general liability policies endorsements and schedules, Pinedo's California Insurance Identification Card for the Van, certificate of titles and a tag, and list of Respondents' crew leaders, foremen and supervisors but without their contact information.   *Id*. at ¶s 10, 11, 12, Exh. 2.

14.   No documents were received in response to Item Nos. 3, 4, 6 and 7 of the Subpoena.   *Id*. at ¶ 13.

15.   On April 24, 2017, WHI Rios made demand on Attorney Hernandez to produce the documents responsive to Item No. 3, 4, 6 and 7, but Respondent refused to do so.   *Id*. at ¶ 14.

16.   On May 31, 2017, in response to Item No. 3, Respondents through Attorney Hernandez produced copies of invoices between Respondents and Healthy Harvesting for rented vehicles and equipment in 2015 and 2016 and advised there were no documents responsive to Item Nos. 4 and 6 – all communications between Respondents and Healthy Harvesting, including the transportation of Healthy Harvestings' agricultural workers and the vehicles supplied by the Respondents.   *See* Rios Decl. at ¶ 15, Exh. 3; Garcia Decl. at ¶ 6, Exh. 3.

////

////

17.     On June 5, 2017, Respondents through Attorney Hernandez advised that records and documents responsive to Item No. 7 - the contact information for Respondents' crew leaders, foremen or supervisors - would only be produced on the condition that "DOL, or any of its agents, agree to refrain from having any communication with its supervisory personnel without the presence of counsel." *See* Garcia Decl. at ¶ 8, Exh. 4.

18.     Respondents were advised that records and documents responsive to Item No. 7 must be produced without any conditions by June 6, 2017.   Respondents failed and refused to do so.  *See* Rios Decl. at ¶ 16, Garcia Decl. at ¶s 9, 10, 11, Exhs. 5, 6.

19.     The missing records and documents responsive to Item Nos. 4, 6 and 7 are relevant and necessary to Wage and Hour's investigation of Respondents, including the renewal of their FLC, the Incident and the Van, and they are to be produced by Respondents to Wage and Hour without conditions under its investigatory authority as set forth in Section 512 of MSPA, 29 U.S.C. § 1862, and 29 C.F.R. § 500.7. *See* Rosalez Decl. at ¶ 6; Rios Decl. at ¶ 16.

20.     The missing records and documents pertaining to communications between Respondents and Healthy Harvesting (Item Nos. 4 and 6) and to the contact information for Respondents' crew leaders, foremen and supervisors (Item No. 7) will aid and assist Wage and Hour in furtherance of the on-going investigation of the Respondents, including the renewal of future FLCs or debarment from obtaining such certification, the Incident, the Van, and to evaluate the accuracy of the partial records and documents provided by Respondents on April 14, 2017 and on May 31, 2017. *See* Rios Decl. at ¶s 17, 18.

21.     The missing records and documents will further enable Wage and Hour to evaluate Respondents' compliance with the reporting and records requirements under MSPA's implementing regulations in 29 C.F.R Part 500.  Without these relevant records and documents, Wage and Hour cannot complete a thorough investigation of Respondents, the Incident and the Van and into possible and ongoing violations of the MSPA by Respondents or persons employed by Respondents.  See Rosalez Decl. at ¶ 7; Rios Decl. at ¶ 18.

1

**PRAYER FOR RELIEF**

2    **WHEREFORE,** Petitioner prays that this Court enter an order:

3    1.    Compelling the Respondents to appear on a date certain to show cause, if

4  any there be, why Respondents should not appear before the designated Wage and Hour

5  representative, at such time and place as the Court may establish, to produce all of the

6  records and documents requested in the administrative subpoena *duces tecum*;  and

7    2.    For such other and further relief as the Court deems just and proper.

8  Dated:  June 15, 2017.                    NICHOLAS C. GEALE
                                            Acting Solicitor
9                                           JANET M. HEROLD
10                                          Regional Solicitor
                                            SUSAN SELETSKY
11                                          Chief Counsel for FLSA Litigation

12

13                                          ____/s/ Luis A. Garcia_____
                                            LUIS A. GARCIA, Senior Trial Attorney
14                                          Attorneys for Secretary of Labor

15

16

17

18

19

20

21

22

23

24

25

26

27

28